UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STANLEY L. NIBLACK, | : | |
| Plaintiff, | : | Civ. No. 16-0494 (RBK) (JS) |
| v. | : | |
| SCO WILLIAM GOULD, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Plaintiff is a state prisoner proceeding with a civil rights complaint. This matter was removed from state court in January, 2016. On April 15, 2016, defendants Gould and Hughes filed a motion to dismiss the complaint. On May 2, 2016, this Court received from plaintiff a request for an extension of time to file a response to the motion to dismiss as well as a request for the appointment of counsel.

Good cause being shown, plaintiff's request for an extension of time to file a response to the motion to dismiss will be granted. Plaintiff shall be given an additional thirty days from the date of this order in which to file his response to the motion to dismiss.

However, this Court will deny plaintiff's request for the appointment of counsel without prejudice at this time. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson,* 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on

credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n. 5; *see also Cuevas v. United States,* 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). The power to appoint counsel lies solely with the discretion of this Court. *See Parham,* 126 F.3d at 457.

As previously stated, this case was removed from state court. At this time, this Court cannot determine if plaintiff indigent as he has never filed an application to proceed *in forma pauperis* in this Court. Therefore, his request for the appointment of counsel will be denied without prejudice. The Clerk will be ordered to send plaintiff a blank form application to proceed *in forma pauperis*.

Finally, this Court notes that plaintiff's return address as listed on his letter received May 2, 2016 indicates that plaintiff is now incarcerated at the South Woods State Prison. Indeed, a review of the New Jersey Department of Corrections website indicates that plaintiff is now incarcerated at South Woods State Prison, not Talbot Hall, which is his current address of record on the docket. *See https://www20.state.nj.us/DOC_Inmate/details?x=1052923&n=0* (last visited on May 5, 2016). Therefore, the Clerk will be ordered to replace plaintiff's current address of record with the address listed on plaintiff's letter received on May 2, 2016.

Accordingly, IT IS this   6th   day of May, 2016,

ORDERED that plaintiff's request for an extension of time to file a response to defendants' motion to dismiss is granted; plaintiff shall have until thirty (30) days from the date of this Order in which to file his response to the motion to dismiss; and it is further

ORDERED that plaintiff's request for the appointment of counsel is denied without prejudice; and it is further

ORDERED that the Clerk shall replace plaintiff's address of record with the address listed on plaintiff's letter received on May 2, 2016; and it is further

ORDERED that the Clerk shall serve this Order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case on plaintiff by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge