# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STANLEY L. NIBLACK, | : | |
| Plaintiff, | : | Civ. No. 16-0494 (RBK) (JS) |
| v. | : | |
| SCO WILLIAM GOULD, | : | **OPINION** |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Stanley L. Niblack, is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. In November, 2015, Mr. Niblack filed a *pro se* civil rights complaint in the Superior Court of New Jersey, County of Hudson Law Division. Subsequently, this matter was removed to this Court in January, 2016. Presently pending before this Court is defendants William Gould and Charles Ray Hughes' (hereinafter the "moving defendants") motion to dismiss the complaint for failure to state a claim. For the following reasons, moving defendants motion to dismiss will be granted in part as Mr. Niblack has failed to state a federal access to courts claim against them. Furthermore, upon conducting a *sua sponte* screening pursuant to 28 U.S.C. § 1915A, Mr. Niblack fails to state a federal retaliation claim against the moving defendants. Mr. Niblack's federal claims against the remaining defendants will also be dismissed for failure to state a claim pursuant to § 1915A.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this Opinion. Mr. Niblack states that at all times relevant to the allegations of the complaint, he was confined

at the Southern State Correctional Facility ("SSCF"). He names the following individuals as defendants in his complaint: (1) SCO William Gould – Senior Correctional Officer at SSCF; (20 Sergeant Moore – Sergeant at SSCF; (3) Lieutenant Caliski – Lieutenant at SSCF; (4) SCO Mutcherson – Senior Correctional Officer at SSCF; and (5) Charles Ray Hughes – Administrator of SSCF.[1]

Mr. Niblack was having problems obtaining sufficient law library time while incarcerated at SSCF in late 2014. Accordingly, his family purchased a word processor for him that was approved by the SSCF administration for his use.

In early May, 2015, Mr. Niblack forwarded his word processor to the mailroom to be sent out for repairs. During this time, Mr. Niblack had an ongoing state court civil matter in New Jersey Superior Court, Cumberland County. In that action, Mr. Niblack was suing "several officers for destroying, stealing, losing or giving away his property." (Dkt. No. 1-1 at p.3) On June 19, 2015, defendants in that Cumberland County civil matter moved to dismiss Mr. Niblack's complaint. On June 21, 2015, Mr. Niblack's word processor was returned to him from being repaired. Mr. Niblack was informed of defendants' motion to dismiss in the Cumberland County matter on June 22, 2015. Mr. Niblack alleges that he was denied use of his word processor to prepare legal documents by SCO Gould and SCO Mutcherson in retaliation for his filing complaints against several correctional officers. Mr. Niblack spoke to Lieutenant Caliski about this matter, but Caliski told him that "he was not going to go against his officer." (*Id.* at p.4)

Mr. Niblack then submitted grievances in regards to his inability to use his word processor to Sergeant Moore on June 24, 2015, but never received a response. As a result, Mr.

---

[1] Only defendants Gould and Hughes have been served.

Niblack claims that he was "unable to submit a timely opposition to the defendant's motion and his complaint was subsequently dismissed with prejudice" by the Cumberland County court. (*See id.*)

Mr. Niblack claims that his right to access the courts was violated by the defendants and that they retaliated against him for exercising his right of access to the courts. He seeks monetary, injunctive and declaratory relief under the United States Constitution, 42 U.S.C. § 1983, the New Jersey Constitution, the New Jersey Civil Rights Act and the New Jersey Administrative Code.

On January 28, 2016, defendant Gould removed this action to this Court as he had been the only defendant who had been served up to that point. Thereafter, defendant Hughes was served. The moving defendants then filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Niblack has filed a response in opposition to the motion to dismiss and moving defendants then filed a reply in support of their motion.

### III. STANDARD OF REVIEW ON MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Worth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.

2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly case, infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his "entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, Mr. Niblack is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

IV.   **SECTION 1983 STANDARD**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## V.     DISCUSSION

A. <u>Access to Court Claim</u>

As previously indicated, Mr. Niblack asserts that the moving defendants are liable because they denied him access to the courts by preventing him from using his word processor. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir.2008) (citing *Lewis v. Casey,* 518 U.S. 343 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury,* 536 U.S. 403, 415, (2002)). Thus, to satisfy the

requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–06 (citing *Christopher,* 536 U.S. at 416–17) (footnote omitted). Indeed, the United States Supreme Court has explained that in the context of alleging the underlying claim that the plaintiff was prevented from pursuing, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued[.]" *Christopher*, 536 U.S. at 417 (footnote omitted).

Mr. Niblack has failed to state an access to courts claim against the moving defendants because he does not properly allege the underlying claim that he was prevented from pursuing in the Cumberland County action. Indeed, the only allegations of the complaint related to this underlying claim was that it was against officers for destroying, stealing, losing or giving away his property. This allegation, without more, is insufficient to state a claim under Rule 8(a). Therefore, Mr. Niblack has failed to state an access to courts claim as he fails to show actual injury.

Even if Mr. Niblack sufficiently alleged his underlying claim in the Cumberland County action, he fails to state an access to courts claim against the moving defendants for another reason. Mr. Niblack states that he was prevented from accessing the courts because the defendants prevented him from using his word processor to respond to the motion to dismiss in the Cumberland County action. However, Mr. Niblack does not adequately address how this lack of access to a word processor inhibited him from presenting a response to the motion to dismiss in Cumberland County. Indeed, courts have noted that while there is a constitutional right to access to the courts, there is no constitutional right to have access to a typewriter or word processor while in prison. *See Saltalamacchia v. Wentzel*, No. 14-0868, 2015 WL 1061640, at *4

6

(M.D. Pa. Mar. 12, 2015) (citations omitted); *Scott v. Ellis*, No. 13-2578, 2013 WL 5300685, at *8 n.2 (D.N.J. Sept. 18, 2013); *Hayman v. Vaughn*, No. 91-7490, 1995 WL 8013, at *3 (E.D. Pa. Jan. 9, 1995) ("Wade does not have a constitutional right to a typewriter, much less a word processor with memory capability, as a necessary implement of meaningful court access) (citations omitted). Accordingly, plaintiff fails to show how lack of access to his word processor prevented him from accessing the courts. Indeed, presumably he could have written his response to the motion to dismiss by hand. Therefore, his claim against the moving defendants will be dismissed. This dismissal will be without prejudice, however, so as to give Mr. Niblack the opportunity to properly replead this claim should he elect to do so

   B. Retaliation Claim

Mr. Niblack next claims that the moving defendants retaliated against him for exercising his First Amendments rights by withholding his use of the word processor.

> "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him."

*Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). With respect to the third element, the plaintiff must allege that the constitutionally protected conduct was a substantial or motivating factor for the adverse action. *See Velasquez v. Diguglielmo*, 516 F. App'x 91, 95 (3d Cir. 2013) (citing *Cater v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002)); *Rauser [v. Horn*, 241 F.3d [330,] 333 [(3d Cir. 2001)]*)*).
Furthermore:

> To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff (here, a prisoner) usually has to prove one of two things: (1) an unusually suggestive

> time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). If neither of these showings is made, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation." *Id.*

*DeFranco v. Wolfe*, 387 F. App'x 147, 154 (3d Cir. 2010). While temporal proximity is relevant in First Amendment retaliation cases, *see Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 494 (3d Cir. 2002) (citing *Rauser*, 241 F.3d at 334), "'[t]he mere passage of time is not legally conclusive proof against retaliation.'" *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 302 (3d Cir, 2007) (quoting *Robinson v. Southeastern Pa. Transp. Auth*, 982 F.2d 892, 894 (3d Cir. 1993)) (other citation omitted).

Moving defendants argue in their motion to dismiss that because Mr. Niblack failed to allege an actual injury in his access to courts claim, "the retaliation claim too must fail[.]" (*See* Dkt. No. 9-1 at p.14-15) This Court does not necessarily agree. Whether Mr. Niblack stated a claim in state court is not material to stating a claim of retaliation. Indeed, it is simply the act of the filing the action in state court that is the constitutionally protected conduct at issue. In this case, Mr. Niblack sufficiently stated constitutionally protected conduct through the filing of his state court action in Cumberland County. Whether that state court action sufficiently stated a claim is immaterial to whether he was retaliated against for filing that action in the first instance.

However, that does not necessarily mean that Mr. Niblack's retaliation claim can move forward against the moving defendants. This Court must still review the complaint pursuant to 28 U.S.C. § 1915A. Section 1915A(b) provides that a district court shall review the complaint as soon as practicable to determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is

immune from such relief. In determining whether a plaintiff has stated a claim under Section 1915A(b), a court applies the same standard as it would under Federal Rule of Civil Procedure 12(b)(6). *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citations omitted).

The adverse action at issue in this case is that Mr. Niblack was prevented from using his word processor to respond to the motion to dismiss in the Cumberland County action. However, even if this Court were to presume that such an action constituted an adverse action, the complaint is completely devoid of any allegations that personally involve defendant Hughes in the deprivation of his word processor. *See Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot predicated solely on the operation of *respondeat superior*.") (quoting *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Therefore, this Court will dismiss Mr. Niblack's retaliation claim against Hughes without prejudice for failure to state a claim.

With respect to defendant Gould, Mr. Niblack does allege his personal involvement. Indeed, Mr. Niblack states that Gould denied him use of his word processor. However, Mr. Niblack fails to allege that defendant Gould had personal knowledge of his protected activity. Nowhere in the complaint does Mr. Niblack state that Gould had personal knowledge that he had filed suit against correctional officers in Cumberland County. Accordingly, he fails to state a retaliation claim against defendant Gould because his complaint lacks allegations of a causal connection between his protected activity and the purported adverse action. *Accord Jordan v. Hastings,* No. 12–7932, 2013 WL 3810577, at *4 (D.N.J. July 22, 2013) (finding that plaintiff failed to allege causal connection to sustain retaliation claim where he failed to allege that defendants had knowledge of his constitutionally protected activity); *Griffin–El v. Beard,* No. 06–2719, 2013 WL 228098, at *5 (E.D. Pa. Jan. 22, 2013) ("[A] defendant may not be held

liable for retaliation absent evidence sufficient to show that the defendant knew of the plaintiff's protected activity.") (citing *Laskaris v. Thornburgh,* 733 F.2d 260, 265 (3d Cir. 1984); *Booth v. King,* 228 F. App'x 167, 172 (3d Cir. 2007); *Jacobs v. Pa. DOC,* No. 04–1366, 2009 WL 3055324, at *5 (W.D. Pa. Sept.21, 2009)). Mr. Niblack's allegation that Gould denied him use of his word processor to prepare legal documents in retaliation for bringing legal claims against officers is conclusory and does not satisfy the 12(b)(6) facial plausibility standard to state a claim. Thus, the retaliation claim will be dismissed without prejudice against defendant Gould for failure to state a claim upon which relief may be granted.

 C. <u>Access to Courts and Retaliation Claims Against Sergeant Moore, Lieutenant Caliski & SCO Mutcherson</u>

This Court may also *sua sponte* screen the complaint pursuant to 28 U.S.C. § 1915A(b) as it relates to the defendants not yet served in this action; specifically: (1) Sergeant Moore; (2) Lieutenant Caliski; and (3) SCO Mutcherson. With respect to these defendants, Mr. Niblack has failed to state an access to courts claim against them for the same reasons discussed in *supra* Part V.A. More specifically, Mr. Niblack fails to allege with sufficient specificity the underlying claim he was prevented from pursuing in the Cumberland County matter. Additionally, like defendant Gould, Mr. Niblack fails to allege that these defendants had knowledge of his protected activity such that he fails to state a retaliation claim against these three yet unserved defendants as well. Accordingly, the federal claims against these three defendants will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).

 D. <u>State Law Claims</u>

There are no more federal claims remaining. Thus, the remaining potential basis for Mr. Niblack's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the

discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over Mr. Niblack's state law claims.

## VI.    CONCLUSION

For the foregoing reasons, moving defendants' motion to dismiss is granted in part as Mr. Niblack fails to state a federal access to courts claim against them. This claim will be dismissed without prejudice against the moving defendants. Furthermore, Mr. Niblack's federal retaliation claim against the moving defendants is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Mr. Niblack's federal claims against defendants Moore, Caliski and Mutcherson are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to § 1915A. Additionally, this Court declines to exercise supplemental jurisdiction over Mr. Niblack's state law claims against all of the defendants. As Mr. Niblack's federal claims are being dismissed without prejudice, he shall be given thirty days in which to file an amended complaint that corrects the deficiencies noted above should he elect to do so.


DATED:  December 19, 2016                                s/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge