UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STANLEY L. NIBLACK, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 16-0494 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| SCO WILLIAM GOULD, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

The plaintiff, Stanley L. Niblack, is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. In November, 2015, Mr. Niblack filed a *pro se* civil rights complaint in the Superior Court of New Jersey, County of Hudson Law Division. Subsequently, that matter was removed to this Court in January, 2016. Thereafter, the two defendants who had been served with the complaint at that time, William Gould and Charles Ray Hughes, filed a motion to dismiss the complaint. That motion to dismiss was granted in part. Mr. Niblack's access to courts claim against Gould and Hughes was dismissed. Furthermore, this Court conducted a *sua sponte* screening of the remaining complaint pursuant to 28 U.S.C. § 1915A. This Court determined that Mr. Niblack failed to state a federal claim on the remainder of his complaint. Furthermore, this Court declined to exercise supplemental jurisdiction over any state law claims that Mr. Niblack was attempting to bring. Mr. Niblack was given the opportunity to file an amended complaint and has done so. That amended complaint is again subject to this Court's screening pursuant to 28 U.S.C. § 1915A(b) to determine whether it should be dismissed as frivolous, malicious, or fails to state a claim upon which relief may be

granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the amended complaint will be dismissed for failure to state a federal claim and this Court will decline to exercise supplemental jurisdiction over Mr. Niblack's state law claims. Mr. Niblack shall be given one final opportunity to file a second amended complaint should he elect to do so that will also be subject to this Courts *sua sponte* screening pursuant to § 1915A(b).

## II.     BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening opinion. Mr. Niblack names five defendants in his amended complaint: (1) SCO William Gould; (2) Sergeant Moore; (3) Lieutenant Caliski; (4) SCO Mutcherson; and (5) Charles Ray Hughes.

The allegations of the amended complaint concern the time Mr. Niblack was incarcerated at the Southern State Correctional Facility ("SSCF"). In late 2014 and early 2015, Mr. Niblack was having problems obtaining sufficient law library time at SSCF. Eventually, Mr. Niblack received permission to obtain a word processor.

In May, 2015, his word processor was sent out for repairs. It was returned to him on June 21, 2015, after being repaired.

Around this time, it appears that Mr. Niblack had a pending state matter pending. That matter involved a claim by Mr. Niblack for the destruction, stealing, losing or giving away of his property that included his food, radio, watch, sneakers, designer eyewear and headphones on or about April 3, 2014. A motion to dismiss was filed by the defendants in Mr. Niblack's state case on June 19, 2015. Mr. Niblack was informed about this motion on June 22, 2015.

On June 22, 2015, Mr. Niblack sought to use his word processor to respond to the motion to dismiss. Mr. Niblack then alleges the following:

> The plaintiff thereafter sought to use his word processor when SCO Mutcherson was on and she denied the plaintiff usage of his word processor as well in order to seek the filing of my opposition of defendants motion to dismiss in retaliation of my complaints regarding officers.
>
> The plaintiff spoke to Lieutenant Caliski, in regards to him granting plaintiff or confirming my use of my word processor to address my legal matters and store legal information on it who then stated that he was not going against his officers. Although, he had acknowledged that it was the administration who had approved the use of a word processor for legal access.
>
> On June 24, 2015, the plaintiff forwarded an inquiry form that was intercepted by Sergeant Moore who denied me usage and the ability to retrieve relevant and pertinent information regarding the dismis[s]al of my underlying claims. But, Sergeant Moore never sent a written response to the inquiry/grievance.

(Dkt. No. 16 at p.3-4) Mr. Niblack then states that he was unable to submit a timely opposition to the motion to dismiss in the state matter. Accordingly, his complaint was dismissed.

Mr. Niblack states that the defendants frustrated, impaired and impeded his access to the courts. Furthermore, he asserts that the defendants retaliated against him for exercising his right of access to the courts. He seeks monetary damages.

### III.   LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be

3

granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915A(b)

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV.   DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>Access to Court</u>

This Court explained what Mr. Niblack needs to allege to properly assert an access to courts claim in its previous opinion. This Court will reiterate what is needed to sufficiently state such a claim. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir.2008) (citing *Lewis v. Casey,* 518 U.S. 343 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury,* 536 U.S. 403, 415, (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205–06 (citing *Christopher,* 536 U.S. at 416–17) (footnote omitted).

Indeed, the United States Supreme Court has explained that in the context of alleging the underlying claim that the plaintiff was prevented from pursuing, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued[.]" *Christopher*, 536 U.S. at 417 (footnote omitted).

While the amended complaint provides more detail than his original complaint with respect to the underlying claim he was pursuing in the state courts, the allegations in the amended complaint remain insufficient to properly state an access to courts claim against the defendants. Indeed, while the amended complaint explains that his claim related to the destruction or giving away of his property, this allegation, as in the original complaint, is insufficient to state a claim under Rule 8(a). Therefore, Mr. Niblack fails to state an access to courts claim as he fails to show actual injury.

  B. <u>Retaliation</u>

Mr. Niblack also attempts to raise a retaliation claim against for defendants exercising his First Amendment rights by withholding the use of his word processor.

> "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him."

*Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). With respect to the third element, the plaintiff must allege that the constitutionally protected conduct was a substantial or motivating factor for the adverse action. *See Velasquez v. Diguglielmo*, 516 F. App'x 91, 95 (3d Cir. 2013) (citing *Cater v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002)); *Rauser [v. Horn*, 241 F.3d [330,] 333 [(3d Cir. 2001)]*)). Furthermore:

6

> To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff (here, a prisoner) usually has to prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). If neither of these showings is made, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation." *Id.*

*DeFranco v. Wolfe*, 387 F. App'x 147, 154 (3d Cir. 2010). While temporal proximity is relevant in First Amendment retaliation cases, *see Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 494 (3d Cir. 2002) (citing *Rauser,* 241 F.3d at 334), "'[t]he mere passage of time is not legally conclusive proof against retaliation.'" *Marra v. Phila. Housing Auth.*, 497 F.3d 286, 302 (3d Cir, 2007) (quoting *Robinson v. Southeastern Pa. Transp. Auth*, 982 F.2d 892, 894 (3d Cir. 1993)) (other citation omitted).

The purported adverse action in this case is that Mr. Niblack was prevented from using his word processor to respond to the motion to dismiss in the state action. At the outset, even if this Court were to presume that such an action constituted an adverse action, the amended complaint is completely devoid of any allegations that personally involve defendants Hughes and Gould in the deprivation of his word processor. *See Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot predicated solely on the operation of *respondeat superior*.") (quoting *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Therefore, Mr. Niblack fails to state a retaliation claim against Hughes and Gould.

Mr. Niblack does allege at least some personal involvement with respect to defendants Mutcherson, Caliski and Moore. Indeed, Mr. Niblack states that Mutcherson denied him use of his word processor, that Caliski told Mr. Niblack that he would not go against one of his officers,

7

and that Moore "denied [him] usage." (*See* Dkt. No. 16 at p.3-4) However, similar to the original complaint, Mr. Niblack does not allege that any of these three officers had personal knowledge that he had filed suit against correctional officers in state court. Accordingly, the amended complaint again fails to state a retaliation claim against these three officers because his amended complaint lacks allegations of a causal connection between his protected activity and the purported adverse action. *Accord Jordan v. Hastings,* No. 12–7932, 2013 WL 3810577, at *4 (D.N.J. July 22, 2013) (finding that plaintiff failed to allege causal connection to sustain retaliation claim where he failed to allege that defendants had knowledge of his constitutionally protected activity); *Griffin–El v. Beard,* No. 06–2719, 2013 WL 228098, at *5 (E.D. Pa. Jan. 22, 2013) ("[A] defendant may not be held liable for retaliation absent evidence sufficient to show that the defendant knew of the plaintiff's protected activity.") (citing *Laskaris v. Thornburgh,* 733 F.2d 260, 265 (3d Cir. 1984); *Booth v. King,* 228 F. App'x 167, 172 (3d Cir. 2007); *Jacobs v. Pa. DOC,* No. 04–1366, 2009 WL 3055324, at *5 (W.D. Pa. Sept.21, 2009)).

Additionally, Mr. Niblack's allegation that Mutcherson denied him use of his word processor in retaliation for his complaints against officers is conclusory and does not satisfy the Rule 12(b)(6) facial plausibility standard to state a claim. Thus, the retaliation claim against these three officers will also be dismissed without prejudice.

C. State Law Claims

There are no more federal claims remaining. Thus, the remaining potential basis for Mr. Niblack's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because the federal claims against the defendants no longer remain, this

Court will exercise its discretion to decline supplemental jurisdiction over Mr. Niblack's state law claims.

## V.     CONCLUSION

For the foregoing reasons, Mr. Niblack's federal claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted. This Court will decline to exercise supplemental jurisdiction over Mr. Niblack's state law claims. Mr. Niblack has now had two opportunities before this Court to sufficiently allege a federal access to courts claim and/or a federal retaliation claim to no avail. He shall be given one final opportunity to submit a proposed second amended complaint that corrects the deficiencies of the amended complaint as stated in this opinion if he elects to do so.

DATED:  March  23,  2017                                             s/Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge